**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Ryan T. Jareck, Esq.
Nicholas B. Vislocky, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed attorneys for RIH Acquisitions NJ, LLC, *et al.*,
Debtors-in-Possession

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CASE NO. 13-    Chapter 11 (Joint Administration Pending) |
| In re: RIH ACQUISITIONS NJ, LLC, *et al.*,[1] Debtors-in-Possession. | **APPLICATION IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING RIH ACQUISITIONS NJ, LLC'S RETENTION AND COMPENSATION OF NON-LEGAL PROFESSIONALS UTILIZED BY IT IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE FILING DATE** **HEARING DATE AND TIME:** _____, 2013, at \_\_:\_\_ \_.m. **ORAL ARGUMENT REQUESTED** |

TO:    Honorable Judge of the
         United States Bankruptcy Court

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: RIH Acquisitions NJ, LLC d/b/a The Atlantic Club Casino Hotel (1695) and RIH Propco NJ, LLC (5454).

51328/0001-8927344v3

The Application of RIH Acquisitions NJ, LLC d/b/a The Atlantic Club Casino Hotel ("**RIH Acquisitions**") and RIH Propco NJ, LLC, the within debtors and debtors-in-possession (the "**Debtors**"), by and through their proposed counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully represents:

## I. INTRODUCTION AND JURISDICTION

1. This Application is submitted in support of the Debtors' motion for an order authorizing RIH Acquisitions' retention and compensation of non-legal professionals utilized by it in the ordinary course of business *nunc pro tunc* to the Filing Date (as defined below) (the "**Motion**").

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II. BACKGROUND

4. On November 6, 2013 (the "**Filing Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. Since the Filing Date, the Debtors have remained in possession of their assets – and RIH Acquisitions continues management of its business – as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. A detailed description of RIH Acquisitions' business and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Affidavit of Eric Matejevich in support of the Debtors' various "First Day Motions" (the "**Matejevich Affidavit**"). Those facts are incorporated herein by reference.

6. As set forth in the Matejevich Affidavit, RIH Acquisitions is in the hotel and gaming business and owns and operates The Atlantic Club Casino Hotel (formerly The Atlantic City Hilton and ACH) located at Boston Ave. & The Boardwalk in Atlantic City, New Jersey

(the "**Atlantic Club Casino**").  The Atlantic Club Casino has 801 hotel rooms, over 75,000 square feet of casino gaming space including state of the art low denomination slots and table games, as well as seven restaurants.  The Atlantic Club Casino also offers over 37,000 square feet of versatile event space and can accommodate gatherings of up to 1,600 people.

7. RIH Acquisitions customarily retains the services of various non-legal professionals in the ordinary course of its business (the "**Non-Legal Ordinary Course Professionals**").[2]  The Non-Legal Ordinary Course Professionals provide services to RIH Acquisitions on a variety of matters unrelated to these Chapter 11 cases, including auditing, tax, and certain other consulting services.  A list of the Non-Legal Ordinary Course Professionals from whom RIH Acquisitions may continue to seek services during these Chapter 11 proceedings is attached as <u>Exhibit A</u>.  By this Motion, RIH Acquisitions seeks authorization (i) to retain the Non-Legal Ordinary Course Professionals without the necessity of a separate, formal retention application approved by the Court for each Non-Legal Ordinary Course Professional, and (ii) to compensate the Non-Legal Ordinary Course Professionals for post-petition services rendered without the necessity of additional Court approval.[3]

8. RIH Acquisitions also employs, in the ordinary course of business, professional service providers such as architects, environmental consultants, information technology consultants, gaming consultants, public and marketing relations firms, and other service providers (the "**Service Providers**").  Although some of the Service Providers have professional degrees and certifications – for example, architects– they provide services to RIH Acquisitions

---

[2] RIH Acquisitions also utilizes various non-bankruptcy legal professionals.  The retention of those professionals is the subject of a separate motion filed with this Court.

[3] By contrast, the Debtors have filed and, if necessary, will file in the future, individual retention applications for professionals they seek to employ in connection with the conduct of their Chapter 11 cases or in connection with specific matters.

3

that are integral to the day-to-day operations of RIH Acquisitions' business and which do not directly relate to or materially affect the administration of these Chapter 11 cases.

9.      Although some of the Non-Legal Ordinary Course Professionals and Service Providers may hold relatively small unsecured claims against RIH Acquisitions for services rendered pre-petition, RIH Acquisitions does not believe any of the Non-Legal Ordinary Course Professionals or Service Providers have an interest materially adverse to either Debtor, or their respective estates and creditors.

### III.    RELIEF REQUESTED AND BASIS THEREFOR

10.     RIH Acquisitions seeks permission to continue to employ the Non-Legal Ordinary Course Professionals and Service Providers post-petition and to retain any new Non-Legal Ordinary Course Professional or Service Provider post-petition *without* each Non-Legal Ordinary Course Professional or Service Provider having to file formal applications for employment or compensation pursuant to Sections 327, 328, 329, 330, or 331 of the Bankruptcy Code.[4]

11.     Specifically with respect to the Non-Legal Ordinary Course Professionals, RIH Acquisitions requests that the Court dispense with the requirement of individual employment applications and retention orders, and that each Non-Legal Ordinary Course Professional be retained as of the Filing Date on terms substantially similar to those in effect before the Filing Date, but subject to the following terms and procedures (the "**Compensation Procedures**"):

> (a)     RIH Acquisitions shall be authorized to pay, without formal application to the Court by a Non-Legal Ordinary Course Professional, 100% of fees and disbursements to each of the Non-Legal Ordinary Course Professionals retained by RIH Acquisitions upon (i) each Non-Legal Ordinary Course Professionals'

---

[4] RIH Acquisitions reserves the right to retain additional Non-Legal Ordinary Course Professionals and Service Providers from time to time during these cases, as the need arises, by filing a list or lists of such additional professionals with the Court and serving same on the Notice Parties (defined herein).

4

51328/0001-8927344v3

submission of a Declaration of Disinterestedness (as defined below) and (ii) the submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Filing Date; *provided, however,* that each Non-Legal Ordinary Course Professional's fees excluding costs and disbursements, do not exceed $30,000 per month on average over a rolling three-month period (the "**Fee Cap**") while these Chapter 11 cases are pending, *provided further, however*, that the Office of the United States Trustee, Official Committee of Unsecured Creditors and the DIP lender shall have the right to object solely to the reasonableness of the Fee Cap by no later than thirty (30) days from the entry of an Order granting the Motion.

(b)    In the event that a Non-Legal Ordinary Course Professional's fees and disbursements exceed the Fee Cap per month, such professional will be required to file a fee application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Fee Guidelines promulgated by the United States Trustee, and any orders of the Court, for approval of the Professional's fees and disbursements for that month.

(c)    Not later than twenty (20) days after the entry of the Order granting this Motion, each Non-Legal Ordinary Course Professional and Service Provider shall file with the Court and serve upon (i) the Office of the United States Trustee for the District of New Jersey, (ii) counsel to the DIP lender; (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the Debtors' secured creditors; and (v) all other parties that file a Notice of Appearance in these cases (collectively, the "**Notice Parties**") a declaration of disinterestedness substantially similar to the form attached as **Exhibit B** (the "**Declaration of Disinterestedness**").

(d)    The Notice Parties shall have ten (10) days after the service of each Non-Legal Ordinary Course Professional's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such Non-Legal Ordinary Course Professional.  The objecting party shall serve any such objection on the Notice Parties and the respective Non-Legal Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreed to by the parties.  If no objection is received from any of the Notice Parties by the Objection Deadline, RIH Acquisitions shall be authorized as a final matter to retain and pay such Non-Legal

5

>Ordinary Course Professionals as to whom an objection was not filed.
>
>(e)     Beginning on January 1, 2014, and on the first day of each quarter thereafter in which these Chapter 11 cases are pending, RIH Acquisitions shall file with the Court and serve on the Notice Parties a statement with respect to what each Non-Legal Ordinary Course Professional was paid during the immediately preceding three-month period.  Each Non-Legal Ordinary Course Professional's statement shall include the following information: (i) the name of the Non-Legal Ordinary Course Professional; (ii) the aggregate amount paid as compensation for services rendered and reimbursement of expenses incurred by that Non-Legal Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Non-Legal Ordinary Course Professional.
>
>(f)     RIH Acquisitions reserves the right to supplement the list of Non-Legal Ordinary Course Professionals as necessary to add or remove Non-Legal Ordinary Course Professionals, without the need to file individual retention applications for newly added Non-Legal Ordinary Course Professionals.  In such event, RIH Acquisitions proposes to file a notice with the Court listing the additional Non-Legal Ordinary Course Professionals RIH Acquisitions intends to employ (the "**OCP Notice**") and to serve such notice on the Notice Parties.  Additionally, each additional Non-Legal Ordinary Course Professional listed on the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties.  If, within ten (10) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Non-Legal Ordinary Course Professional, then retention of the additional Non-Legal Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

12.     With respect to the Service Providers, RIH Acquisitions requests permission from the Court to continue, in its discretion, to employ and pay the Service Providers from and after the Filing Date in the ordinary course of business without the need for any additional filings with the Court; *provided, however*, that any Service Provider who becomes materially involved in the administration of these Chapter 11 cases will be retained pursuant to Section 327 of the Bankruptcy Code.

6

51328/0001-8927344v3

13. By this Motion, RIH Acquisitions is not requesting authority to pay pre-petition amounts owed to Non-Legal Ordinary Course Professionals or Service Providers.

14. Courts consider the following factors in determining whether an entity is a "professional" within the meaning of Section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the Court:

>    (a)    whether any entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtors' reorganization;
>
>    (b)    whether the entity is involved in negotiating the terms of a plan of reorganization;
>
>    (c)    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
>    (d)    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;
>
>    (e)    the extent of the entity's involvement in the administration of the debtor's estate; and
>
>    (f)    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See In re First Merchs. Acceptance Corp., 1997 WL 873551, at *2 (Bankr. D. Del. 1997) ("The six-factor test…is designed to harmonize…limit[ing] the definition of professionals to those occupations that play a central part in the reorganization, with those cases that define a professional as an employee that is given discretion or autonomy in some part of the debtor's estate"); In re Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business, require approval under Section 327); see also In re That's Entm't Mktg. Group, Inc.,

7

168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under Section 327).

15. Considering all these factors, RIH Acquisitions does not believe the Non-Legal Ordinary Course Professionals or Service Providers are "professionals" within the meaning of Section 327.  Specifically, it is not anticipated that the Non-Legal Ordinary Course Professionals or Service Providers will be involved in the administration of these cases but, instead, will provide services in connection with RIH Acquisitions' ongoing business operations, which services ordinarily are provided by non-bankruptcy non-legal professionals.  Nevertheless, out of an abundance of caution, RIH Acquisitions seeks the relief requested in the Motion to establish clear mechanisms for retention and payment of the Non-Legal Ordinary Course Professionals and Service Providers and thereby avoid any subsequent controversy with respect thereto.

16. RIH Acquisitions respectfully submits the retention of the Non-Legal Ordinary Course Professionals and Service Providers and the payment of compensation and reimbursement amounts to them on the basis set forth herein is in the best interest of the Debtors' estates.  Courts in the District of New Jersey and the Third Circuit consistently have granted similar relief in other Chapter 11 cases.  See, e.g., Adamar of New Jersey, Inc., et al., Case No. 09-20711 (Bankr. D.N.J. May 8, 2009); In re TCI 2 Holdings, LLC, et al., Case No. 09-13654 (Bankr. D.N.J. February 27, 2009); In re Tarragon Corporation, et al., 09-10555 (Bankr. D.N.J. January 15, 2009); In re Marcal Paper Mills, Inc., Case No. 06-21886 (MS) (Bankr. D.N.J. January 12, 2007); see also In re TribuneCompany, et al., Case No. 08-13141 (Bankr D. Del. January 15, 2009); In re Hilex Poly Co., LLC, Case No. 08-10890 (Bankr. D. Del. May 30, 2008); In re Charys Holding Co., Inc., Case No. 08-10289 (Bankr. D. Del. March 10, 2008).

17. The Debtors and their respective estates would be well served by RIH Acquisitions' continued retention of the Non-Legal Ordinary Course Professionals because of their established relationship with RIH Acquisitions and understanding and intimate knowledge of RIH Acquisitions and its operations.  Additionally, because the Service Providers are not acting as "professional persons" under the Bankruptcy Code, they should be treated on terms consistent with other ordinary course vendors because the Service Providers are merely providing day-to-day operational assistance to RIH Acquisitions' business.

18. Finally, in light of the number of Non-Legal Ordinary Course Professionals and Service Providers, and the significant expenses associated with the preparation of separate retention applications for professionals who will receive relatively modest fees, RIH Acquisitions submits it would be impractical, burdensome and extremely costly for it and its legal advisors to prepare and submit individual applications and retention orders for each Non-Legal Ordinary Course Professional and Service Provider.

19. For all these reasons, RIH Acquisitions submits it is in the best interest of all creditors and parties-in-interest to avoid any disruption in the professional services that are required for the day-to-day operation of RIH Acquisitions' business by (a) retaining and compensating the Non-Legal Ordinary Course Professionals in accordance with the Compensation Procedures and (b) continuing to retain and compensate the Service Providers in RIH Acquisitions' discretion.

WHEREFORE, RIH Acquisitions respectfully requests that the Court enter an Order granting the Motion and such other relief as the Court deems just and appropriate under the circumstances.

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        Proposed attorneys for RIH Acquisitions NJ, LLC, *et al.*,
        Debtors-in-Possession

By: */s/ Michael D. Sirota*
      Michael D. Sirota
      Warren A. Usatine
      Ryan T. Jareck
      Nicholas B. Vislocky

DATED:  November 6, 2013