Order Filed on
**11/8/2013**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed attorneys for RIH Acquisitions NJ, LLC, *et al.*,
Debtors-in-Possession

In re:

RIH ACQUISITIONS NJ, LLC, *et al.*,[1]

Debtors-in-Possession.

Case No. 13-34483 (GMB)

Judge:  Hon. Gloria M. Burns

Chapter 11

(Joint Administration Pending)

**Hearing Date and Time:**
November 8, 2013, at 11:00 a.m.

### INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001

The relief set forth on the following pages, numbered two (2) through twenty-eight (28), is
hereby **ORDERED**.

11/8/13

C. U.S. BJ

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification
number are:  RIH Acquisitions NJ, LLC d/b/a The Atlantic Club Casino Hotel (1695) and RIH Propco NJ,
LLC (5454).

(Page 2)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

THIS MATTER having been opened to the Court by RIH Acquisitions NJ, LLC d/b/a

The Atlantic Club Casino Hotel and RIH Propco NJ, LLC, the within debtors and debtors-in-

possession (collectively, the "**Debtors**"), by and through their proposed counsel, Cole, Schotz,

Meisel, Forman & Leonard, P.A., and proposed special counsel, Willkie Farr & Gallagher LLP,

upon motion (the "**Motion**"), pursuant to sections 105, 361, 362, 363, 364(c), and 364(e) of title

11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"),

Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and the corresponding Local Rules for the United States Bankruptcy Court for the

District of New Jersey (the "**Local Rules**") seeking, among other things:

(1)    authorization for RIH Acquisitions NJ, LLC (the "**Borrower**") to

obtain postpetition financing consisting of a senior secured debtor in possession

term loan of up to $15,000,000 (the "**DIP Loan**"), and for RIH Propco NJ, LLC

("**Propco**") to guaranty the Borrower's obligations in connection with the DIP

Loan;

(2)    authorization for the Debtors to execute the Debtor-In-Possession

Term Credit Agreement, Guaranty and Security Agreement, dated as of

November 6, 2013, substantially in the form attached as <u>Exhibit A</u> to the Motion

(the "**DIP Credit Agreement**" and collectively with any other related agreement,

- 2 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 3)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER: (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

instrument or other document delivered or executed in connection with the DIP

Credit Agreement, including the Budget[2] (the "**DIP Loan Documents**"),

including the Budget and the Loan Documents by and among the Borrower, the

Guarantors, and Northlight Trust I, a Delaware statutory trust (in such capacity,

the "**DIP Lender**") and an affiliate of Northlight Financial LLC;

(3)     authorization for the Debtors to execute and enter into the related

DIP Loan Documents and to perform such other and further acts as may be

required in connection with the DIP Loan Documents;

(4)     authorization for the Debtors to use the DIP Lender's "cash

collateral" (as such term is defined in section 363(a) of the Bankruptcy Code) (the

"**Cash Collateral**");

(5)     the prohibition of any right to surcharge against the Collateral

under section 506(c) of the Bankruptcy Code except as explicitly provided herein;

(6)     pursuant to Bankruptcy Rule 4001, that an interim hearing (the

"**Interim Hearing**") be held on the Motion to consider the entry of this Interim

Order (the "**Interim Order**"), among other things, (a) authorizing the Borrower,

---

[2] Capitalized terms used but not defined herein have the meanings given them in the DIP Credit Agreement. A copy of the initial Budget is annexed as Exhibit B to the DIP Credit Agreement attached hereto as Exhibit A.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November 08, 2013*

(Page 4)

Debtors:            RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.            13-34483 (GMB)

Caption of Order:   INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                    SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                    105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                    AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                    363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                    HEARING UNDER BANKRUPTCY RULE 4001

on an interim basis, to borrow loans up to an aggregate principal amount not to

exceed $6 million (subject to satisfaction of the Initial Conditions Precedent and

any limitations on borrowings under the DIP Credit Agreement), and (b)

authorizing the Debtors' use of Cash Collateral on an interim basis;

        (7)    the scheduling of a final hearing (the "**Final Hearing**") to be held

within 30 days after entry of this Interim Order to consider entry of a final order

(the "**Final Order**") authorizing the balance of the borrowings under the DIP

Loan Documents (subject to satisfaction of the Secondary Conditions Precedent

as to the Secondary Draw, the Tertiary Conditions Precedent as to the Tertiary

Draw and the Quaternary Conditions Precedent as to the Quaternary Draw) and

the Debtors' use of Cash Collateral on a final basis; and

        (8)    modification of the automatic stay imposed under section 362 of

the Bankruptcy Code to the extent necessary to implement and effectuate the

terms and provisions of the DIP Loan Documents and this Interim Order.

The Court having found that, under the circumstances, due and sufficient notice of the

Motion and the Interim Hearing was provided by the Debtors as set forth in paragraph 3 below,

and the Court having held the Interim Hearing on November 8, 2013; and upon the entire record

made at the Interim Hearing; upon the entire record of the Debtors' chapter 11 cases (the

- 4 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 5)

| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
|---|---|

| Case No. | 13-34483 (GMB) |
|---|---|

| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |
|---|---|

"**Bankruptcy Cases**"); and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    *Disposition.* The Motion is granted on an interim basis on the terms set forth herein.  Any objections to the interim relief sought in the Motion, and any reservations of rights with respect to such interim relief, that have not been previously resolved or withdrawn are overruled on the merits.  This Interim Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.    *Commencement of the Bankruptcy Cases, Jurisdiction and Venue.*  On November 6, 2013 (the "**Petition Date**"), each Debtor filed a voluntary petition with this Court commencing a case under chapter 11 of the Bankruptcy Code.  The Debtors are continuing to operate their respective businesses and manage their respective properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  This Court has jurisdiction over the Bankruptcy Cases and the Motion as a core proceeding, and over the parties and property affected hereby pursuant to 28 U.S.C.  §§ 157(b) and 1334.  No request has been made for the appointment of a trustee or examiner and no statutory committee has yet been appointed in any of the Bankruptcy Cases.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

3.      *Notice.* Notice of the Motion, the Interim Hearing and the proposed entry of this Interim Order has been provided by overnight mail or facsimile to:  (i) the twenty (20) largest unsecured creditors of the Debtors; (ii) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"); (iii) counsel to the DIP Lender; (iv) FNA Jersey BOI LLC or its known counsel, and all other parties known to assert a lien on or security interest in the Debtors' Collateral; (v) the United States Securities and Exchange Commission; (vi) the United States Attorney's Office for the State of New Jersey; (vii) the State of New Jersey Office of Attorney General, Division of Gaming Enforcement; (viii) the State of New Jersey Casino Control Commission; (ix) the City of Atlantic City; (x) the Internal Revenue Service and other government agencies to the extent required by the Bankruptcy Rules and Local Rules for the Bankruptcy Court for the District of New Jersey; and (xi) each of the Debtors' banks.  Under the circumstances, the notice given by the Debtors of the Motion, the Interim Hearing and the proposed entry of this Interim Order constitutes appropriate, due and sufficient notice thereof and complies with sections 102(1), 363 and 364 of the Bankruptcy Code, Bankruptcy Rules 4001(b) and (c) and the Local Rules of this Court, and no other notice need be provided for entry of this Interim Order.

4.      *Findings Regarding the DIP Loan.*

(a)      Good cause has been shown for the entry of this Interim Order.

- 6 -

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 7)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

(b)    The Debtors have an immediate need to obtain the DIP Loan and use Cash Collateral in order to, among other things and in accordance with the Budget (subject to permitted variances), permit the orderly continuation of the operation of their businesses, to pay for working capital needs, and to pay administrative expenses of these cases.  The access of the Debtors to sufficient working capital and liquidity through the incurrence of new indebtedness pursuant to the DIP Loan and use of Cash Collateral is vital to the Debtors' sale efforts and the preservation and maintenance of the going concern values of the Debtors.

(c)    The Debtors are unable to obtain financing on more favorable terms from sources other than the DIP Lender under the DIP Loan Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

(d)    The DIP Lender has consented to the Debtors' use of Cash Collateral on the terms set forth herein and in the DIP Loan Documents.

(e)    Based on the record presented to the Court at the Interim Hearing, the terms of the DIP Loan and the use of Cash Collateral under the terms and conditions set forth herein and in the DIP Loan Documents are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and the DIP Loan and the DIP

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 8)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

Lender's consent to use of Cash Collateral constitute reasonably equivalent value and fair

consideration for the Debtors' incurrence of indebtedness under the DIP Loan.

(f)    The terms of the DIP Loan Documents and terms of use of Cash Collateral

have been negotiated in "good faith," as that term is used in section 364(e) of the Bankruptcy

Code, and at arm's length among the Debtors and the DIP Lender, and all of the Debtors'

obligations and indebtedness arising under, in respect of or in connection with the DIP Loan and

the DIP Loan Documents (such obligations and indebtedness, the "**DIP Obligations**"), shall be

deemed to have been extended by the DIP Lender in good faith, as that term is used in section

364(e) of the Bankruptcy Code, and in express reliance upon the protections offered by section

364(e) of the Bankruptcy Code, and the DIP Lender and the DIP Loan shall be entitled to the full

protection of section 364(e) of the Bankruptcy Code in the event that this Interim Order or any

provision hereof is vacated, reversed or modified, on appeal or otherwise.

(g)    The Debtors have requested immediate entry of this Interim Order

pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules.  Absent granting

the relief sought by this Interim Order, the Debtors' estates will be immediately and irreparably

harmed.  Immediate consummation of the DIP Loan and authorization of the Debtors' use of

Cash Collateral in accordance with this Interim Order and the terms and conditions set forth in

the DIP Loan Documents is therefore in the best interests of the Debtors' estates.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 9)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER: (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

5.    *Authorization of the DIP Loan and the DIP Loan Documents.*

(a)    The Debtors are hereby authorized to enter into the DIP Loan Documents, with such modifications as permitted by this Interim Order and the DIP Loan Documents. The Borrower is hereby authorized to borrow money and incur indebtedness in accordance with the terms and conditions of the DIP Loan Documents and Propco is hereby authorized to guaranty such borrowings and indebtedness, up to an aggregate principal or face amount of $15 million, plus interest, fees and other expenses and amounts provided for in the DIP Loan Documents; provided, however, the Borrower is only authorized to borrow, and Propco is only authorized to guaranty, up to $6 million, plus interest, fees and other expenses, in accordance with the terms of this Interim Order and the DIP Loan Documents, until entry of a final order approving the financing. Such borrowings shall only be used for the purposes permitted under the DIP Loan Documents, including (i) to fund the Reserve Account, (ii) to pay for such other working capital needs of the Borrower solely as provided in the Budget (subject to permitted variances), (iii) to pay for delinquent and current tax obligations, (iv) to pay for administrative expenses incurred in the ordinary course of Borrower's operations during the Bankruptcy Cases, and (v) to pay for other costs and expenses associated with closing the DIP Loan and transactions contemplated by the DIP Loan Documents, in each case solely to the extent permitted by the Budget and the DIP Loan Documents.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 10)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

(b)     In furtherance of the foregoing and without further approval of this Court,

each Debtor is authorized to perform all acts, to make, execute and deliver all instruments and

documents (including, without limitation, the execution or recordation of security agreements,

mortgages and financing statements), and to pay all fees that may be reasonably required or

necessary for the Debtors' performance of their obligations under the DIP Loan Documents,

including, without limitation:

(i)     the execution, delivery and performance of the DIP Credit

Agreement, the other DIP Loan Documents and any exhibits attached thereto, any mortgages and

guarantees contemplated thereby and any exhibits attached thereto;

(ii)     the payment to the DIP Lender of the fees referred to in the DIP

Credit Agreement, and reasonable costs and expenses as may be due from time to time,

including, without limitation, fees and expenses of the professionals retained by the DIP Lender,

as provided for herein and in the DIP Loan Documents;

(iii)     the execution, delivery and performance of one or more

amendments, waivers, consents or other modifications to and under the DIP Loan Documents

pursuant to paragraph 18 of this Interim Order, it being understood that no further approval of

the Court shall be required for amendments, waivers, consents or other modifications to and

under the DIP Loan Documents or the DIP Obligations that do not materially and adversely

- 10 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 11)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER: (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

impair the rights of the Debtors, their estates or other parties in interest (other than the parties to the DIP Loan Documents); and

        (iv)     the performance of all other acts required under or in connection with the DIP Loan Documents, including such acts, waivers and cooperation required of the Debtors pursuant to the DIP Loan Documents after the occurrence of an Event of Default.

        (c)     Upon execution and delivery of the DIP Loan Documents, the DIP Loan Documents shall constitute valid and binding obligations of each of the Debtors, enforceable against each Debtor in accordance with the terms thereof. No obligation, payment, transfer or grant of security under the DIP Loan Documents or this Interim Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable law (including without limitation, under sections 502(d) or 548 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim, or be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code.

        6.     *Reserves and Accounts.* The Debtors are authorized and directed to establish and maintain the following accounts: (i) the Reserve Account; (ii) the Restricted Cash Account; and (iii) any depository account used or established by a Debtor for use in the ordinary course of its

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November 08, 2013*

(Page 12)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

business  (collectively, (i) through (iii), the "**Accounts**").  The Accounts shall be used for the purposes, and shall be subject to the terms and conditions, set forth in the DIP Credit Agreement and the other DIP Loan Documents.  The Debtors are authorized to establish and maintain deposit account control agreements on all of the Accounts, to the extent required by and subject to the terms of the DIP Credit Agreement and the other DIP Loan Documents, and the banks at which such accounts are maintained are authorized to execute and deliver such control agreements as required by this Interim Order and the DIP Loan Documents.  The control agreements shall be in form and substance reasonably satisfactory to the DIP Lender and shall be sufficient to provide the DIP Lender with "control" over such Accounts, as such term is defined in the Uniform Commercial Code.

7.     *Superpriority Claims.*  To secure the prompt payment and performance of all of the DIP Obligations, all of the DIP Obligations shall constitute allowed administrative expense claims against the Debtors, and pursuant to section 364(c)(1) of the Bankruptcy Code shall have priority over any and all administrative expenses and all other claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113 or 1114 of the Bankruptcy

- 12 -

*Approved by Judge Gloria M. Burns November 08, 2013*

(Page 13)

Debtors:          RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.          13-34483 (GMB)

Caption of Order:  INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                   SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                   105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                   AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                   363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                   HEARING UNDER BANKRUPTCY RULE 4001

Code (the "**Superpriority Claims**"), whether or not such expenses or claims may become

secured by a judgment lien or other non-consensual lien, levy or attachment, which Superpriority

Claims shall be payable from and have recourse to all pre- and postpetition property of the

Debtors and all proceeds thereof, subject only to the payment of the Carve-Out (as defined

below) to the extent specifically provided for herein.

     8.     *Carve-Out.*

     (a)     The DIP Lender's security interests in the Collateral and Superpriority

Claims will be subject to payment of the following (the "**Carve-Out**"): (i) all fees required to be

paid to the clerk of the Court and to the U.S. Trustee pursuant to  28 U.S.C. § 1930; (ii) fees and

disbursements incurred by a chapter 7 trustee (if any) under section 726(b) of the Bankruptcy

Code, in an amount not to exceed $10,000; (iii) accrued but unreimbursed expenses of members

of the official committee of unsecured creditors appointed in the Bankruptcy Cases (the

"**Committee**") as allowed by the Court; and (iv) accrued but unpaid fees and expenses of

professionals retained by the Debtors or the Committee and allowed by the Court under sections

328, 330 and 331 of the Bankruptcy Code (such allowed fees and expenses, "**Professional**

**Fees**"), in an amount not to exceed $2,500,000 (the "**Professional Fees Carve-Out Amount**");

*provided* that (x) the Professional Fees Carve-Out Amount shall not be reduced by the payment

of Professional Fees allowed by the Court under sections 328, 330 and 331 of the Bankruptcy

- 13 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 14)

Debtors:          RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.          13-34483 (GMB)

Caption of Order:  INTERIM ORDER: (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                   SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                   105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                   AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                   363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                   HEARING UNDER BANKRUPTCY RULE 4001

Code at any time that an Event of Default has not occurred or is not continuing and (y) if an

Event of Default has occurred and is continuing, or the Maturity Date has occurred, any

payments of allowed Professional Fees after an Event of Default has occurred and is continuing,

or after the Maturity Date, shall reduce the amount of the Professional Fees Carve-Out Amount

by the amount of any such payment; *and, provided, further*, that the portion of the Carve-Out

applicable to Professional Fees (up to the Professional Fees Carve-Out Amount) shall be limited

to a $2,500,000 carve-out of the DIP Lender's liens on the Debtors' Collateral consisting of real

property (including the proceeds of any sale or other disposition (including casualty or

condemnation) of such property, the "**Real Property Collateral**"); and (III) no credit bid or

other bid by the DIP Lender or any of its affiliates for any Real Property Collateral shall be

permitted unless in connection with such credit bid all Professional Fees shall be paid in full in

cash (up to the Professional Fees Carve-Out Amount). In no event shall any of the Carve-Out be

used to pay any fees or expenses of any person retained in a chapter 7 case under section 326,

327 or 328 of the Bankruptcy Code. Notwithstanding the foregoing, no portion of the Carve-Out

and no portion of any amounts approved for payment prior to an Event of Default shall be

utilized in a manner prohibited under the DIP Credit Agreement and this Interim Order.

          (b)      No portion of the DIP Loan, the Collateral, the Cash Collateral, or the

Carve-Out shall be used or be available to pay any fees, disbursements, costs or expenses

*Approved by Judge Gloria M. Burns November  08, 2013*

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

incurred by any party in connection with: (i) challenging the amount, extent, validity, perfection, priority or enforceability of or asserting any defense, counterclaim or offset to, the obligations under the DIP Loan Documents, or the security interests and liens of the DIP Lender in respect thereof; or (ii) the investigation (including discovery proceedings), assertion, initiation or prosecution of any other claims, causes of action, adversary proceedings or other litigation against the DIP Lender.

(c)     Nothing herein shall impair the right of any party in interest in the Bankruptcy Cases to object to the reasonableness of any of the fees, expense reimbursement or other compensation described in this paragraph 8.

9.     *Extension Option.*  Borrower is hereby authorized to exercise its option to extend the maturity of the DIP Loan by two (2) months pursuant to Sections 1.1 and 2.2 of the DIP Credit Agreement, subject to the terms of the DIP Credit Agreement and the other DIP Loan Documents, and to perform all acts, to make, execute and deliver all instruments and documents and to pay the 2% extension fee against the Loan Amount then outstanding; *provided, however,* all guaranties, liens and security interests of the DIP Lender shall remain in full force and effect.

10.     *DIP Liens.*  As security for the DIP Obligations, effective and perfected upon the entry of this Interim Order and without the necessity of the execution, recordation of filings by the Debtors or the DIP Lender of mortgages, security agreements, control agreements, pledge

- 15 -

(Page 16)

Debtors:            RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.            13-34483 (GMB)

Caption of Order:   INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                    SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                    105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                    AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                    363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                    HEARING UNDER BANKRUPTCY RULE 4001

agreements, financing statements or other similar documents, or the possession or control by the

DIP Lender of, or over, any Collateral, including but not limited to, the Cage Cash, the DIP

Lender shall receive, and is granted by the Debtors, the following fully-perfected liens on and

security interests in the Debtors' Collateral, subject only to the Carve-Out and the Third Party

Liens (as defined below, and including the Permitted Senior Liens identified in the DIP Credit

Agreement) (all such liens and security interests granted to the DIP Lender in the Debtors'

Collateral pursuant to this Interim Order and the DIP Loan Documents, the "**DIP Liens**"):

        (a)     First- Priority Lien on Unencumbered Property.  Pursuant to section

364(c)(2) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected first-

priority senior security interest in and lien upon all pre- and postpetition property of the Debtors,

including the Collateral identified in Section 1.1 of the DIP Credit Agreement, whether existing

on the Petition Date or thereafter acquired, that, on or as of the Petition Date is not subject to

valid, perfected, unavoidable and enforceable liens, excluding solely Avoidance Action and

recoveries therefrom and Excluded Property (collectively, "**Unencumbered Property**").

        (b)     Liens Junior to Certain Other Liens.  Pursuant to section 364(c)(3) of the

Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected security interest in

and lien upon all pre- and postpetition property of the Debtors (other than the property described

in subparagraph (a) of this paragraph 10, as to which the liens and security interests in favor of

- 16 -

51328/0001-10028702v3

(Page 17)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

the DIP Lender will be as described in such clause), whether now existing or hereafter acquired, that is subject to valid, perfected, unavoidable and enforceable liens in existence immediately prior to the Petition Date, including those liens identified as Permitted Senior Liens in the DIP Credit Agreement  (or valid and unavoidable liens in existence immediately prior to the Petition Date that are permitted to be perfected after the commencement of the Bankruptcy Cases pursuant to section 546(b) of the Bankruptcy Code), which liens in favor of the DIP Lender are immediately junior to such valid, perfected and unavoidable liens ("**Third Party Liens**").

(c)    <u>Liens Senior to Certain Other Liens</u>.  The DIP Liens shall not be (a) subject or subordinate to (i) any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under section 551 of the Bankruptcy Code or (ii) any liens arising after the Petition Date including, without limitation, subject to and effective upon entry of a Final Order, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors or (b) except as provided in paragraph 10(b) above, subordinated to or made *pari passu* with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 18)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

11.    *Protection of DIP Lender's Rights.*

(a)    All Collateral shall be free and clear of all liens, claims and encumbrances, except for those liens, claims and encumbrances expressly permitted under this Interim Order (including Third Party Liens and Permitted Senior Liens) and the DIP Loan Documents.

(b)    Notwithstanding section 362 of the Bankruptcy Code, without further order or application to the Court, the automatic stay is hereby vacated and modified to the extent necessary to permit the DIP Lender, upon the occurrence and during the continuation of any Event of Default, and upon five (5) business days' written notice to the Borrower, the U.S. Trustee and counsel to the Committee (if any), and subject to the Gaming Regulations, to exercise all rights and remedies of the DIP Lender provided for in this Interim Order, the DIP Loan Documents or applicable law, including, without limitation:  (A) terminating the DIP Loan; (B) charging default interest on the DIP Loan; (C) declaring all or any portion of the DIP Loan to be due and payable; and (D) subject to the Carve-Out, realizing on any or all Collateral and exercise any and all remedies under the DIP Loan Documents, any applicable control agreement and applicable law, including enforcement of the Debtors' obligations regarding the orderly liquidation of the Debtors' Collateral.

Subject To The entry of a final order)

(c)    | In no event shall the DIP Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.  The failure of the DIP

- 18 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 19)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

Lender to seek relief or otherwise exercise or enforce its rights and remedies under the DIP Loan

Documents or this Interim Order shall not constitute a waiver of the DIP Lender's rights or

remedies hereunder, thereunder or otherwise.

      (d)    The Debtors are hereby authorized to pay upon demand all fees, costs,

expenses and other amounts payable under the terms of the DIP Loan Documents and all other

reasonable, out-of-pocket fees, costs and expenses of the DIP Lender in accordance with the

terms of the DIP Loan Documents (including, without limitation, the reasonable, out-of-pocket

prepetition and postpetition fees, costs and expenses of any legal counsel (including New Jersey

counsel), financial advisor or accountant retained by the DIP Lender, and any other fees and

expenses set forth in the DIP Loan Documents), including without limitation, all expenses

relating to the enforcement of rights, expenses in connection with the preparation and negotiation

of the DIP Loan Documents and any amendments thereto, and other miscellaneous

disbursements.  None of such fees, costs, expenses or other amounts shall be subject to Court

approval or U.S. Trustee guidelines, and no recipient of any such payment shall be required to

file with respect thereto any interim or final fee application with this Court; provided, however,

that copies of detailed invoices (which invoices may be redacted to the extent necessary, to

delete any information that is confidential or subject to the attorney-client privilege or attorney

work product) shall be provided contemporaneously to the Borrower, the U.S. Trustee and

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 20)

| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
|---|---|
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

counsel to the Committee (if any); and provided further, that the Court shall have jurisdiction to determine any dispute concerning such invoices raised within ten (10) business days after delivery of such invoices.  Any objection to the invoices, or any part thereof, not set forth in writing to the DIP Lender within ten (10) business days after delivery of the applicable invoice shall be deemed irrevocably waived.  All such unpaid fees, costs, expenses and other amounts owed or payable shall be secured by the Collateral and afforded all of the priorities and protections afforded to the DIP Obligations under this Interim Order and the DIP Loan Documents.

12.    *Limitation on Charging Expenses Against Collateral.*  Subject only to and effective upon entry of the Final Order, except to the extent of the Carve-Out, no expenses of administration of the Bankruptcy Cases or any future proceeding that may result therefrom, including conversion of any of the Bankruptcy Cases to a case under chapter 7 of the Bankruptcy Code or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral under section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the DIP Lender, as the case may be, and no such consent shall be implied from any other action, inaction, or acquiescence by the DIP Lender.

- 20 -

*Approved by Judge Gloria M. Burns November 08, 2013*

(Page 21)

Debtors:            RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.            13-34483 (GMB)

Caption of Order:   INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                    SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                    105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                    AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                    363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                    HEARING UNDER BANKRUPTCY RULE 4001

      13.    *Use of Cash Collateral.*  Subject to the terms of this Interim Order and the DIP

Loan Documents, the Debtors are hereby authorized to use all Cash Collateral of the DIP Lender,

solely as permitted by the Budget (subject to permitted variances).

      14.    *Perfection of DIP Liens.*

      (a)    Subject to the provisions of paragraphs 10 above and 14(b) below, the DIP

Lender is hereby authorized, but not required, to file or record financing statements, trademark

filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or

take possession of or control over, or take any other action (including taking or releasing any

liens or pledges granted by this Interim Order) in order to validate and perfect the DIP Liens

granted to the DIP Lender hereunder.  Whether or not the DIP Lender shall, in its sole discretion,

choose to file such financing statements, trademark filings, copyright filings, mortgages, notices

of lien, similar instruments or take such other act that may be otherwise required under federal or

state law in any jurisdiction, or take any action, including taking possession, to validate and

perfect such security interests and liens, and, or take possession of or control over, or otherwise

confirm perfection of the liens and security interests granted to them hereunder, all such liens

and security interests in the Debtors' Collateral, including any liens that may be created upon any

deposit accounts or securities accounts, shall be deemed valid, perfected, allowed, enforceable,

non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of

- 21 -

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 22)

Debtors:              RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.              13-34483 (GMB)

Caption of Order:     INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                      SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                      105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                      AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                      363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                      HEARING UNDER BANKRUPTCY RULE 4001

this Interim Order.  The failure of the Debtors to execute any documentation relating to the

enforceability, priority or perfection of the DIP Liens shall in no way affect the validity,

perfection or priority of the DIP Liens.

      (b)      If the DIP Lender, in its sole discretion, elects to file any financing

statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments,

or otherwise to confirm perfection of the DIP Liens, the Debtors shall cooperate with and assist

in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to

permit the filing and recording of a certified copy of this Interim Order or any such financing

statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments,

and all such documents shall be deemed to have been filed and/or recorded nunc pro tunc at the

time of and on the date of this Interim Order.  Upon the request of the DIP Lender, without any

further consent of any party, the Debtors are authorized to take, execute, deliver and file such

instruments (in each case without representation or warranty of any kind) to enable the DIP

Lender to further validate, perfect, preserve and enforce the DIP Liens.

      (c)      A certified copy of this Interim Order may, in the discretion of the DIP

Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of such

financing statements, mortgages, notices of lien or similar instruments, and all filing offices are

hereby authorized to accept such certified copy of this Interim Order for filing and recording.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 23)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER: (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

15.    *Preservation of Rights Granted Under the Order.*

(a)    In addition to the Events of Default set forth in Section 7 of the DIP Credit Agreement, unless all DIP Obligations shall have been indefeasibly paid in full, it shall constitute an Event of Default if there is entered (i) an order modifying this Interim Order without the prior written consent of the DIP Lender, and no such consent shall be implied by any other action, inaction or acquiescence by the DIP Lender, (ii) an order converting or dismissing any of the Bankruptcy Cases, or (iii) confirming a chapter 11 plan that modifies this Interim Order or any DIP Loan Documents. If an order dismissing any of the Bankruptcy Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (A) the DIP Liens and the Superpriority Claims granted to the DIP Lender pursuant to this Interim Order shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until all DIP Obligations shall have been indefeasibly paid and satisfied in full (and that such DIP Liens and Superpriority Claims shall, notwithstanding such dismissal, remain binding on all parties in interest), (B) the other rights under this Interim Order shall not be affected, and (C) this Court shall retain jurisdiction, notwithstanding such dismissal and to the fullest extent permitted by law, for the purposes of enforcing the claims, liens and security interests referred to in this paragraph.

- 23 -

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 24)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

(b)      If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacatur or stay shall not affect (i) the validity of any DIP Obligations incurred prior to the actual receipt of written notice by the DIP Lender of the effective date of such reversal, modification, vacatur or stay or (ii) the validity or enforceability of any lien, or the priority thereof authorized or created hereby or pursuant to the DIP Credit Agreement or this Interim Order.  Notwithstanding any such reversal, modification, vacatur or stay, any use of Cash Collateral, or DIP Obligations incurred by the Debtors to the DIP Lender before the actual receipt of written notice by the DIP Lender of the effective date of such reversal, modification, stay or vacatur shall be governed in all respects by the original provisions of this Interim Order, and the DIP Lender shall be entitled to all the rights, remedies, privileges and benefits granted in sections 363(m) and 364(e) of the Bankruptcy Code, this Interim Order and pursuant to the DIP Loan Documents, with respect to all uses of Cash Collateral and DIP Obligations.

(c)      Except as expressly provided in this Interim Order or in the DIP Loan Documents, the DIP Liens, the Superpriority Claims and all other rights and remedies of the DIP Lender granted by the provisions of this Interim Order and the DIP Loan Documents shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Bankruptcy Cases to a case under chapter 7, dismissing any of the Bankruptcy Cases,

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 25)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

or terminating the joint administration of these Bankruptcy Cases, or (ii) the entry of an order confirming a Chapter 11 plan in any of the Bankruptcy Cases.  The terms and provisions of this Interim Order and the DIP Loan Documents shall continue in these Bankruptcy Cases, in any successor cases if these Bankruptcy Cases cease to be jointly administered, or in any superseding chapter 7 cases under the Bankruptcy Code, and the DIP Liens, the Superpriority Claims and all other rights and remedies of the DIP Lender granted by the provisions of this Interim Order and the DIP Loan Documents shall continue in full force and effect until the DIP Obligations are indefeasibly paid in full in cash. *To the extent permissable under applicable law,*

16.   *DIP Lender's Right to Credit Bid.* The DIP Lender shall have the right to "credit bid" the full amount of its claims, including without limitation, claims on account of outstanding principal, interest and any other amounts due and owing under the DIP Credit Agreement, during any sale of the Debtors' assets (excluding sales in the ordinary course of business), including without limitation, sales occurring pursuant to section 363 of the Bankruptcy Code or included as part of any restructuring plan; provided that no credit bid or other bid by the DIP Lender or any of its affiliates for any Real Property Collateral shall be permitted unless in connection with such credit bid all allowed Professional Fees shall be paid in full in cash (up to the Professional Fee Carve-Out Amount).

- 25 -

*Approved by Judge Gloria M. Burns November 08, 2013*

(Page 26)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

17.    *Limitation on Use of Financing Proceeds and Collateral.*  Notwithstanding anything herein or in any other order by this Court to the contrary, no borrowings under the DIP Credit Agreement, Collateral (including Cash Collateral) or the Carve-Out may be used to: (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount due under this Interim Order or the DIP Loan Documents, or the liens, security interests and/or claims granted under this Interim Order or the DIP Loan Documents; (b) assert any claims, defenses or causes of action against the DIP Lender or its agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors; (c) oppose the DIP Lender's assertion, enforcement or realization on the Collateral or Cash Collateral in accordance with the DIP Loan Documents and this Interim Order; (d) seek to modify any of the rights granted to the DIP Lender hereunder or under the DIP Loan Documents, without the DIP Lender's prior written consent; or (e) unless such payments are approved by an order of this Court and otherwise permitted by the DIP Credit Agreement and the Budget, pay any amount on account of any claims arising prior to the Petition Date.

18.    *Modifications of, and Waivers under, the DIP Loan Documents.*  The Debtors and DIP Lender are hereby authorized to implement, in accordance with the terms of the DIP Loan Documents, any non-material modifications (including without limitation, to permit additional lenders to participate in the DIP Loan) of the DIP Loan Documents without further notice,

- 26 -

51328/0001-10028702v3

(Page 27)

Debtors:             RIH ACQUISITIONS NJ, LLC, *et al.*

Case No.             13-34483 (GMB)

Caption of Order:    INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN
                     SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS
                     105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE,
                     AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION
                     363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL
                     HEARING UNDER BANKRUPTCY RULE 4001

motion or application to, order of or hearing before, this Court.  Material modifications or

amendments to the DIP Loan Documents (including to extend the maturity of (other than in

accordance with paragraph 9 hereof), or increase the amount of, the DIP Loan) shall be filed with

this Court and permitted upon order of this Court, provided that 10 business days' prior written

notice of the material change(s) and of the opportunity to object thereto has been given to

counsel for the Committee (if any) and the U.S. Trustee.  The Debtors and DIP Lender shall be

permitted to enter into waivers under the DIP Loan Documents in accordance with the terms

thereof without further order of this Court.

19.    *Order Governs*.  In the event of any inconsistency between the provisions of this

Interim Order and the DIP Loan Documents, the provisions of this Interim Order shall govern.

20.    *Binding Effect; Successors and Assigns*.  The DIP Loan Documents and the

provisions of this Interim Order, including all findings herein, shall be binding upon all parties in

interest in these Bankruptcy Cases, including, without limitation, the DIP Lender, the Committee

(if any) and the Debtors and their respective successors and assigns (including any chapter 7 or

chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors) and shall

inure to the benefit of the DIP Lender, and its respective successors and assigns, and the Debtors.

The DIP Lender shall have no obligation to extend any financing to any chapter 7 trustee or

similar responsible person appointed for the estates of the Debtors.

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*

(Page 28)

| | |
|---|---|
| Debtors: | RIH ACQUISITIONS NJ, LLC, *et al.* |
| Case No. | 13-34483 (GMB) |
| Caption of Order: | INTERIM ORDER:  (I) AUTHORIZING DEBTORS TO (A) OBTAIN SECURED POSTPETITION FINANCING PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(e) OF THE BANKRUPTCY CODE, AND (B) UTILIZE CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001 |

21.    *Effectiveness.*  This Interim Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution of effectiveness of this Interim Order.

22.    *Objections.*  Objections to the entry of the Final Order shall be in writing and shall be filed with the Clerk of this Court, on or before 4:00 p.m. (prevailing Eastern time) on the date that is five (5) business days prior to and excluding the date of the Final Hearing set forth in paragraph 23 below, with a copy served upon: (i) counsel to the Debtors, Cole Schotz, Meisel, Forman & Leonard, P.A., A Professional Corporation, Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, NJ 07602 (Attn: Michael D. Sirota, Esq. and Warren A. Ustaine, Esq.); (ii) special counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn:  Paul V. Shalhoub, Esq.); (iii) co-counsel to the DIP Lender, Dickinson Wright PLLC, 150 E. Gay Street, Suite 2400, Columbus, Ohio 43215 (Attn:  Harlan W. Robins, Esq.) and 500 Woodward Avenue, Suite 4000, Detroit, MI, 48226 (Attn: Kristi A. Katsma, Esq.), and Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn:  Bruce Buechler, Esq. and Kenneth A. Rosen, Esq.); (iv) counsel to be selected by the Committee upon its formation, if selected by such date; and (v) the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102 (Attn: [_____], Esq.)

23.    *Final Hearing.*  The Final Hearing is scheduled for [ Dec 2 ], 2013 at [ 11:00 AM ].m. (Eastern) before this Court.

- 28 -

*Approved by Judge Gloria M. Burns November  08, 2013*

## EXHIBIT A

**DIP Credit Agreement,**

51328/0001-10028702v3

*Approved by Judge Gloria M. Burns November  08, 2013*